NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NOE DA SILVA, RIDGEWAY PROPERTY HOLDINGS, LLC, PLATINUM DEVELOPERS, LLC, REDMOUNT AERIALS, LLC, THE GOMEZ CONSTRUCTION, LLC d/b/a GOMEZ CONSTRUCTION,<br><br>Defendants. | Case No. 3:20-cv-13080 (BRM) (TJB)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss (ECF No. 18) filed by Defendant Platinum Developers, LLC ("Platinum") requesting the Court decline to exercise jurisdiction over Plaintiff Atain Specialty Insurance Company's ("Plaintiff") Complaint seeking declaratory judgment pursuant to *Brillhart-Wilton* abstention grounds. Defendant Noe Da Silva ("Da Silva")[1] also filed a Motion to Dismiss (ECF No. 20) adopting Platinum's argument (Da Silva and Platinum together, "Moving Defendants"). Plaintiff opposes both motions. (ECF No. 22.) Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein and for good cause shown, Moving Defendants' Motions to Dismiss (ECF Nos. 18, 20) are **DENIED without PREJUDICE**.

---

[1] The Court notes the parties differ on the stylizing of Defendant Noe Da Silva's last name. For example, in the Complaint, the defendant's last name appears as "DaSilva." (ECF No. 1 ¶ 2.) For purposes of consistency, the Court refers to the defendant as "Da Silva."

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In considering the Motions to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

On June 1, 2020, Da Silva filed a complaint in the Superior Court of New Jersey, Essex County alleging that, while in the scope of his employment as a construction worker engaged to construct houses, he sustained bodily injuries[2] from a fall located on premises owned, maintained, and/or supervised by Defendant Ridgeway Property Holdings, LLC ("Ridgeway") (hereinafter, the "Underlying Action"). (*See* ECF No. 1 ¶¶ 14–19; ECF No. 18-2 at 22.) Da Silva seeks damages due to the alleged hazardous condition of the premises and his sustained injuries against: (1) Platinum, which Da Silva alleges was or acted in the capacity of general contractor for the construction of the houses; (2) Ridgeway, which Da Silva alleges acted in the capacity of a property management company; and (3) Redmount Aerials, LLC, which Da Silva alleges acted in the capacity of an equipment lessor. (ECF No. 18-2 at 19–20.)[3]

The present matter, which stems from the pending Underlying Action, concerns a dispute over insurance coverage and indemnity. On September 23, 2020, Plaintiff filed the Complaint

---

[2] Da Silva's injuries include, among other things, "multiple spinal fractures and dislocations," and "paralysis from the waist down." (ECF No. 18-2 at 22.)

[3] Da Silva also brought suit against ERS Construction, LLC ("ERS Construction"), which Da Silva alleges acted in the capacity of the framing contractor and employed Da Silva, but contends "**ERS Construction is named in th[e] [State] [A]ction] for Discovery Purposes only.**" (*Id.* at 20.)

2

pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (the "DJA"). (ECF No. 1 ¶¶ 11–12.) Plaintiff's Complaint seeks a judicial declaration that (1) Plaintiff is "not obligated to defend or indemnify" Ridgeway or to "pay any judgment, settlement, verdict or other award" in the Underlying Action, and (2) Plaintiff's "policy is excess insurance" and Plaintiff "is not obligated to defend or indemnify the defendant Ridgeway, or to pay any judgment, settlement, verdict or other award in [the Underlying Action] until all other insurance is exhausted by payment of settlement, judgment or verdict." (*Id.* ¶¶ 27, 35.) Plaintiff makes clear "Defendants DaSilva, Platinum and Redmount and The Gomez Construction, LLC, are joined herein in order that they be bound by the Judgment of this Court as they have an interest in the presence or absence of insurance coverage for the defendant Ridgeway in the [Underlying Action]." (*Id.* ¶ 37.) Plaintiff alleges it issued to Ridgeway, as the named insured, a Commercial General Liability policy (the "Policy") for the policy period of March 4, 2019 through March 4, 2020. (*Id.* ¶ 20.)[4] A "Notice of Claim" dated June 23, 2020 placed Plaintiff on notice of the Underlying Action. (*Id.* ¶ 22.) Thereafter, Plaintiff conducted an insurance coverage investigation. Based upon that investigation, Plaintiff issued Ridgeway a "Notice of Reservation of Rights" dated July 14, 2020. (*Id.* ¶ 23.) The Notice of Reservation of Rights advised Ridgeway that Plaintiff would "undertake to defend Ridgeway in the [Underlying Action] but concomitantly reserved its right to deny and disclaim all coverage at a later date." (*Id.* ¶ 24.) Ultimately, Plaintiff concluded the insurance coverage for the "allegations of bodily injury in the [Underlying Action] is excluded" under the Policy. (*Id.* ¶ 27.)[5]

---

[4] Da Silva fell from the roofline of a house under construction on June 6, 2019. (*See* ECF No. 18-2 at 19, 22.)

[5] Specifically, Plaintiff contends the allegations of the Underlying Action assert a claim for

3

On November 24, 2020, Platinum filed a Motion to Dismiss the Complaint seeking declaratory judgment pursuant to *Brillhart-Wilton* abstention grounds. (ECF No. 18.) On December 4, 2020, Da Silva filed a Motion to Dismiss adopting Platinum's arguments. (ECF No. 20.)[6] On January 5, 2021, Plaintiff opposed the Motions to Dismiss arguing, among other things, that dismissal is not appropriate because the Underlying Action is not "parallel" to this case. (ECF No. 22.) On January 12, 2021, Platinum filed a reply. (ECF No. 23.)

## II. LEGAL STANDARD

In general, the party "asserting jurisdiction[] bear[s] the burden of proving that jurisdiction exists." *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 429 (3d Cir. 2016) (citation marks omitted) (quoting *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012)). However, a motion requesting that a district court decline to exercise jurisdiction over a DJA claim does not implicate a defect in federal subject matter jurisdiction. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 133 (3d Cir. 2014).

---

bodily injury to an employee, subcontractor, employee of any subcontractor, independent contractor, employee of any independent contractor, temporary worker, leased worker or volunteer worker of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity.

(*Id.* ¶ 26) (internal quotations omitted).

According to Plaintiff, such allegations are "excluded by direct application of Coverage A, Exclusion 2. (e) ('Employer's Liability') as replaced by the Endorsement entitled 'Employees, Subcontractors, Independent Contractors Temporary Workers, Leased Workers or Volunteers.'" (*Id.* ¶ 27.)

[6] Specifically, Da Silva "joins in and relies upon the Certification, Declaration and Brief filed by" Platinum "on November 24, 2020 [] and all arguments contained therein and incorporates same here as if set forth in their entirety." (ECF No. 20-1 at 1.)

4

Rather, the decision to exercise jurisdiction over DJA claims is committed to the "substantial discretion" of the district court, as informed by a list of factors enumerated by the Third Circuit. *Id.* at 137–48.[7]

### III. DECISION

The DJA provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The permissive language of the DJA "confer[s] on federal courts unique and substantial discretion in deciding whether [in the first instance] to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In other words, "district courts are authorized, 'in the sound exercise of [their] discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.'" *Reifer*, 751 F.3d at 139 (quoting *Wilton*, 515 U.S. at 286). Nevertheless, "[a] federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017). As such, when an action contains independent legal claims, "federal courts have a 'virtually unflagging obligation' to exercise jurisdiction." *Id.* (citation omitted). When, however, an action seeks only declaratory relief, without independent legal claims, courts may decline jurisdiction if appropriate. *Id.* Importantly, it is undisputed, here, that Plaintiff seeks only declaratory relief under the DJA and asserts no other independent legal claims in its Complaint.

---

[7] Based on the pleadings, the Court is satisfied the requirements of § 1332 have been met with complete diversity among the parties (Plaintiff is a citizen of Michigan and all named defendants are citizens of New Jersey) and the amount in controversy exceeds $75,000. (*See* ECF No. 1 at 1–2.); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *Muhlbaier v. Specialized Loan Servicing LLC*, Civ. A. No. 18-00125, 2018 WL 3238832, at *2 (D.N.J. July 3, 2018).

*See Mark Daniel Hosp., LLC v. AmGUARD Ins. Co.*, 495 F. Supp. 3d 328, 333 (D.N.J. 2020); *see also Mattdogg, Inc. v. Philadelphia Indem. Ins. Co.*, Civ. A. No. 206889, 2020 WL 6111038, at *3 (D.N.J. Oct. 16, 2020).

The DJA is commonly invoked by insurance companies "to seek a declaratory judgment on a purely state law matter" in federal court based on diversity subject matter jurisdiction. *Reifer*, 751 F.3d. at 141. In response to such cases, the Third Circuit has previously observed "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000). Consequently, it became common practice for district courts "to decline to exercise jurisdiction over declaratory judgment actions, involving an insurance company, that are solely brought on diversity, and have no federal question or interest." *Reifer*, 751 F.3d at 142 (citation omitted). This principle is especially relevant because the interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." *Summy*, 234 F.3d at 136. Where state law is uncertain or undetermined, the proper relationship between federal and state courts counsels district courts to "step back" and be "particularly reluctant" to exercise DJA jurisdiction. *Id.* at 135–36. The fact that district courts are limited to predicting—rather than establishing—state law requires "serious consideration" and is "especially important in insurance coverage cases." *Id.* at 135; *see Mattdogg*, 2020 WL 6111038, at *6.

In *Reifer*, however, the Third Circuit cautioned against "declining jurisdiction per se" in insurance coverage cases, because a "wholesale, 'revolving door' dismissal of such cases" would evidence neither sound nor reasoned discretion. *Id.* at 147 (citing *Wilton*, 515 U.S. at 286 and *Bituminous Coal Operators' Assoc., Inc. v. Int'l Union, United Mine Workers of Am.*, 585 F.2d

6

586, 596 (3d Cir. 1978)) (citations omitted). The Third Circuit instructed district courts to consider a non-exhaustive list of factors when determining whether to exercise jurisdiction over such declaratory judgment actions, including:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. Importantly, "[t]he existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction, although it alone does not require doing so." *Id.* at 144–45. As such, when a parallel proceeding exists, a district court should decline to exercise jurisdiction unless the district court has "rigorous[ly] ensur[ed] [itself] that the existence of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 145.

### A. Existence of a Parallel State Proceeding

In considering whether to exercise jurisdiction over a declaratory action, "[c]ourts should first determine whether there is a 'parallel state proceeding.'" *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer*, 751 F.3d at 143, 146). The existence of a parallel state proceeding is "but one factor for courts to consider"—however, it is "a significant factor that is treated with 'increased emphasis.'" *Id.* (quoting *Reifer*, 751 F.3d at 144); *see also Colony Ins. Co. v. Troensa Constr., Inc.*, Civ. A. No. 1703577, 2018 WL 4676038, at *8 (D.N.J. Sept. 28,

7

2018) (providing that the court "presumed it had jurisdiction" after finding no parallel proceeding). Stated another way, "the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Kelly*, 868 F.3d at 282 (quoting *Reifer*, 751 F.3d at 144–45). In the Third Circuit, cases are parallel only when there is "a substantial similarity in issues and parties[.]" *Kelly*, 868 F.3d at 284. "[T]he mere potential or possibility that two proceedings will resolve related claims between the same parties" is not enough. *Id.* at 283–84; *Cont'l Indem. Co. v. H&M Int'l Transportation, Inc.*, Civ. A. No. 18-14701, 2019 WL 1379884, at *2 (D.N.J. Mar. 26, 2019).

Here, the parties dispute whether the Underlying Action should be considered a parallel proceeding. Moving Defendants argue, among other things, "all relevant [*Reifer*] factors militate in favor of abstention," because, "all defendants to the federal action are parties to the state court action," there are "additional parties in the state court action . . . who were not named in the federal complaint," and therefore, "the state court action, unlike the federal action, affords a clear opportunity for all claims as to all parties to be heard and resolved in a single action." (ECF No. 18-3 at 7.) Plaintiff opposes arguing there is no parallel state proceeding, because among other things, "there is no companion underlying Declaratory Judgment Action involving [Plaintiff] which seeks to establish coverage eligibility . . . [and] none of the moving defendants have indicated that they wish to pursue such a lawsuit." (ECF No. 22 at 17.) Plaintiff further contends,

> Atain is not a party to the underlying Litigation Matter. The claims asserted by Atain seek a judicial declaration of the rights and responsibilities of Atain and Ridgeway under a policy of insurance. They will likely also address the responsibility of other insurers for insurance coverage for Ridgeway in connection with DaSilva's accident. These claims are not "truly duplicative", "effectively the same", nor "identical" to DaSilva's claims for personal injuries. While the two claims may share some similar discovery, their focus is inherently different. The declaratory Judgment Action and the personal injury action seek distinct separate relief.

(*Id.* at 17.)

8

The Court agrees with Plaintiff. Here, Plaintiff is not a named party in the Underlying Action and the questions of whether Plaintiff has a duty to indemnify and defend Ridgeway are distinct issues that are separate and apart from whether the named defendants in the Underlying Action are liable for Da Silva's personal injuries. Therefore, the resolution of the Underlying Action will not resolve the issue concerning Plaintiff's obligation to defend and indemnify Ridgeway. *See Evanston Ins. Co. v. Neuromonitoring Techs., Inc.*, Civ. A. No. 18-11497, 2019 WL 1916203, at *3 (D.N.J. Apr. 30, 2019).[8] Indeed, in *Kelly*, 868 F.3d at 287, the Third Circuit held that "issues involved in separate state and federal lawsuits – the extent of the [insured party's] liability to the injured persons and the extent of coverage owed by the insurer to the [insured party], respectively – were distinct," and not parallel. *See id.* ("The issue of coverage is not necessary to the resolution of the state action."). Likewise, the two related proceedings here are not parallel. Therefore, this Court assumes jurisdiction is appropriate unless opposing factors weigh against exercising jurisdiction. *Evanston*, 2019 WL 1916203, at *3; *Cont'l Indem. Co.*, 2019 WL 1379884, at *3 (noting that *Kelly* creates a "*per se* presumption that an insurer's declaratory judgment action is distinct from underlying tort actions in state court where the insurer is a non-party"). With a finding of *no* parallel proceeding, this Court presumes it has jurisdiction and now considers the remaining factors laid out in *Reifer*. *See Excel Pharmacy Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F. App'x 65, 69 (3d Cir. 2020); *Colony Ins. Co.*, 2018 WL 4676038, at *8.

---

[8] *See Trustgard Ins. Co. v. Fagan*, Civ. A. No. 18-0714, 2018 WL 3631935, at *3 (M.D. Pa. July 31, 2018) (finding no parallel state proceeding where the question of the insurance company's obligations was not present in the state action and the insurance company was not a party to the state action); *Foremost Ins. Co. v. Nosam, LLC*, Civ. A. No. 17-2843, 2018 WL 417035, at *2 (E.D. Pa. Jan. 12, 2018) (finding no parallel state proceeding because the state negligence action "will not resolve the issue in this case of whether Foremost [Insurance Co.] has a duty to defend and indemnify").

**B. The *Reifer* Factors** [9]

The first *Reifer* factor contemplates the likelihood that a federal court declaration will resolve the uncertainty giving rise to the controversy. *Id.* at 146. Plaintiff's declaratory judgment action seeks to resolve a coverage dispute that hinges on various exclusions in the Policy. Clearly, a decision by this Court will resolve the uncertainty of Plaintiff's obligation to defend and indemnify Ridgeway, which are legal determinations federal district courts are routinely asked to make. Therefore, this factor weighs in favor of this Court's exercise of discretionary jurisdiction. *Colony Ins. Co.*, 2018 WL 4676038, at *8; *see BCB Bancorp. v. Progressive Cas. Ins. Co.*, Civ. A. No. 13-1261, 2014 WL 2434193, at *5 (D.N.J. May 28, 2014).

The second factor considers the convenience of the parties. Here, none of the parties will be inconvenienced by having this matter adjudicated in the federal forum. Indeed, both the Underlying Action and this action were filed in courts located in the same city, Newark, New Jersey. *See Kelly*, 868 F.3d at 288 (concluding that the parties would not be inconvenienced by litigating in federal court, which was in the same city as the court where the plaintiffs originally filed suit). Additionally, dismissal of this action in favor of a proceeding in state court would delay, however slight, resolution of the coverage dispute since any resolution would require commencement of a new action in state court. *See Nationwide Prop. & Cas. Ins. Co. v. Zatyko*,

---

[9] The Third Circuit has instructed district courts to give "meaningful consideration" to any relevant factors, and that some factors may be weighed heavier than others based on the circumstances of each case. *Reifer*, 751 F.3d at 146. The circuit court has also advised that "there will be situations in which district courts must consult and address other relevant law or considerations." *Id.* Importantly, in the insurance coverage context, the fifth, sixth, and eighth factors are "particularly relevant," to the extent applicable, based on the facts of a particular case. *Ewart v. State Farm Mutual Auto. Ins. Co.*, 257 F. Supp. 3d 722, 725 (E.D. Pa. 2017) (citing *Summy*, 234 F.3d at 134). "The fact that district courts are limited to predicting—rather than establishing—state law requires 'serious consideration' and is 'especially important in insurance coverage cases.'" *Reifer*, 751 F.3d at 148 (quoting *Summy*, 234 F.3d at 135).

Civ. A. No. 16-1010, 2016 WL 6804436, at *3 (E.D. Pa. Nov. 16, 2016). The Court finds this second factor weighs in favor of this Court's exercise of discretionary jurisdiction.

The third factor considers the public interest in the settlement of the uncertainty of obligation. Despite Moving Defendants' contentions that the "public interest favors, and one might almost say demands" abstention (ECF No. 18-3 at 6), the Court is not convinced of or aware of any public interest considerations. The insurance policy in question does not appear to turn on any unsettled question of state law or important policy issue. Absent such concerns, there is little reason for a federal court to be reluctant about deciding this case. *See Reifer*, 751 F.3d at 147 ("[F]ederal and state courts are equally capable of applying settled state law to a difficult set of facts." (quoting *Heritage Farms Inc. v. Solebury Twp.*, 671 F.2d 743, 747 (3d Cir. 1982)); *IDT Corp. v. Krill*, Civ. A. No. 13-1540, 2013 WL 5937421, at *5 (D.N.J. Nov. 4, 2013) (finding public interest not implicated where no public policy concerns were at issue and no "novel or complex issues of state law necessitate[d] state court adjudication"). This factor tips in favor of the Court exercising discretionary jurisdiction.

Turning to the fourth factor, there is no more convenient remedy available. Plaintiff is not a party to the Underlying Action and even if Plaintiff filed the same declaratory judgment action in New Jersey state court, to do so now would require the filing of a new action. *Evanston*, 2019 WL 1916203, at *4. "Because this action already exists, it is arguably more convenient for the parties to litigate their insurance coverage dispute in this federal forum, rather than start anew in state court." *See Zatyko*, 2016 WL 6804436, at *4 (determining that the fourth *Reifer* factor either weighed in favor of exercising jurisdiction or was neutral because even though the parties could seek declaratory relief in state court, they would be required to commence a new action in state

court). The Court finds this factor weighs in favor of this Court's exercise of discretionary jurisdiction or is neutral.

The fifth and sixth *Reifer* factors consider the federal courts' general policy of restraint when the same issues are pending in a state court and the avoidance of duplicative litigation, respectively. *Reifer*, 751 F.3d at 146. Indeed, as explained previously, there is no reason to be concerned about duplicative litigation as the Court finds the issues in the two proceedings are distinct. These *Reifer* factors, therefore, weigh in favor of this Court's exercise of discretionary jurisdiction.

The seventh factor considers preventing the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*. Moving Defendants argue in their reply brief, "Plaintiff is correct that Platinum is not arguing that defendant is forum shopping in this matter. However, it can be argued that by filing this matter in federal court, which tends to have much shorter discovery periods than the New Jersey Superior Court," it could have the effect of "procedurally fencing off some of the issues concerning insurance coverage before the parties in the underlying state court personal injury action have had ample opportunity to conduct the requisite discovery that may affect the issues." (ECF No. 23 at 14.) That Plaintiff could have sued (or intervened) in state court does not mean it was required to do so. *Cont'l Indem. Co.*, 2019 WL 1379884, at *4 (noting that "at least one court in this District has stated that where the declaratory judgment plaintiff 'is not a party in the state proceeding, this concern [about procedural fencing] does not apply'"). The Court finds this factor is neutral.

The eighth and final factor—which is applicable in the insurance context—identifies an "inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." *Reifer*, 751

F.3d at 146. Here, Plaintiff's opposition brief has brought to light an additional wrinkle in this case: on October 5, 2020, after the filing of Plaintiff's Complaint, Evanston Insurance Company ("Evanston"), the insurer of The Gomez Construction, LLC "acknowledged Ridgeway's status as an additional insured and accepted primary responsibility of the defense of Ridgeway in the [Underlying Action] subject to a reservation of its right." (ECF No. 22 at 9.) Evanston "further issued an umbrella insurance policy to The Gomez Construction, LLC, and has also reserved its rights under that policy through an October 8, 2020 Reservation of Rights." (*Id.* at 10.) Evanston has "appointed defense counsel and holds direct oversight of the defense afforded to Ridgeway." (*Id.* at 19.) According to Plaintiff, "[b]ecause Ridgeway is being defended by an attorney that was not selected, appointed or controlled by [Plaintiff], there is no conflict of interest." (*Id.*) Moving Defendants reply arguing there "is more than an abstract potential that a conflict could arise." (ECF No. 23 at 14.) At this juncture, because the facts at issue in the Underlying Action are not at issue in this declaratory judgment action, there is no danger Plaintiff will establish facts in this action that could prejudice the parties in the state court suit. *See Evanston*, 2019 WL 1916203, at \*4. Moreover, any inherent conflict would be the same if the insurance coverage dispute was litigated in state court rather than federal court. As such, this factor is neutral or tips in favor of exercising discretionary jurisdiction. *See Homesite Ins. Co. v. Neary*, Civ. A. No. 17-2297, 2017 WL 5172294, at \*3–4 (E.D. Pa. Nov. 8, 2017) (finding the eighth *Reifer* factor neutral for this reason).

Here, after finding that no parallel proceedings exist and balancing the *Reifer* factors, this Court will exercise jurisdiction over the case, as permitted under the DJA. *Evanston*, 2019 WL 1916203, at \*5. Presently, Plaintiff has satisfied its burden of proof that this Court's jurisdiction is proper. However, in the unlikely event that the discovery process reveals that the same exact issues are at dispute in this case and the Underlying Action, and that the efforts in this matter are

13

substantially duplicative, the Court will not preclude Moving Defendants from raising the Motions to Dismiss again at a later point.

### IV.   CONCLUSION

For the reasons set forth above, Moving Defendants' Motions to Dismiss (ECF Nos. 18, 20) are **DENIED without PREJUDICE**. . An appropriate order follows.

Dated: June 29, 2021

                                                */s/ Brian R. Martinotti*
                                                **BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**